# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **14-03935-hb**

## ORDER

The relief set forth on the following pages, for a total of 3 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**12/07/2018**



US Bankruptcy Judge
District of South Carolina

Entered: 12/07/2018

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

IN RE:

Nathan James Halydier and Victoria Patricia Ann Halydier,

Debtor(s).

C/A No. 14-03935-HB

Chapter 7

**ORDER**

**THIS MATTER** came before the Court for hearing on December 6, 2018, on the Motion to Avoid Judicial Lien filed by Debtors Nathan James Halydier and Victoria Patricia Ann Halydier.[1]  Present at the hearing were Debtors' counsel Benjamin Matthews and Kathrine Johnson on behalf of 1004 Gervais, LLC ("Gervais").

Debtors filed a voluntary petition for Chapter 7 relief on July 9, 2014.  On August 1, 2014, the Chapter 7 trustee entered a report of no distribution, declaring this a no-asset case.  No proof of claim deadline was set.  Debtors received their discharge on October 1, 2014, and the above captioned case was closed.  Almost four years later, Debtors filed the instant Motion, seeking to avoid a judicial lien in favor of Gervais pursuant to 11 U.S.C. § 522(f)(1)(A), asserting it impairs the exemptions claimed on their personal property pursuant to S.C. Code Ann. § 15-41-30(A)(2), (3), (4), (5), and (7).  The debt results from a lease and the judgment was entered in September 2014 in the amount of $16,200.50.  Debtors' counsel represented at the hearing that Debtors did not own any real property when the case was filed and still do not own any real property.  No levy on the judgment has taken place.

Section 522(f) of the Bankruptcy Code provides:

**(1)** Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in

---

[1] ECF No. 15, filed Sept. 20, 2018.

> property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> **(A)** a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)[.]

11 U.S.C. § 522(f)(1)(A). "In order to avoid a lien three conditions must be met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien." *In re Nestor*, C/A No. 05-6772, 2007 WL 3405108, at *1 (Bankr. N.D. W.Va. Nov. 8, 2007) (quoting *Culver v. Chiu (In re Chiu),* 304 F.3d 905, 908 (9th Cir. 2002)). The petition date is the relevant date for § 522(f) determinations.

The Debtor owns no real property for the judgment to attach and there was no levy on any personal property. Therefore, there has been no "fixing" of a lien on any property of the Debtors. While the judgment may be void or ineffective for other reasons,[2] § 522(f) is inapplicable and provides no relief.

**IT IS, THEREFORE, ORDERED** that Debtors' Motion to Avoid Judicial Lien is **DENIED**.

---

[2] Debtors enjoyed the benefit of the automatic stay of § 362 from the time the case was filed until the discharge was entered pursuant to § 727. *See Davis v. Blair (In re Davis)*, Adv. Pro. 18-80038-jw, slip op. at 15-16 (Bankr. D.S.C. Oct. 3, 2018) ("This Court . . . and multiple other courts within the Fourth Circuit have held that actions taken in violation of the automatic stay are void." (citing numerous cases)). It also appears that Debtors' discharge further protects from collection on the judgment. *See* 11 U.S.C. § 727(b). Although § 523(a)(3)(A) excepts from the discharge any debt "neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit . . . timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing[,]" the Court notes that because the Chapter 7 trustee declared this a no-asset case, no proof of claim deadline was set and Gervais was not prejudiced by its omission from Debtors' schedules. *See In re Bearden*, 382 B.R. 911, 918 (Bankr. D.S.C. 2008) (quoting *In re Alexander*, 300 B.R. 650, 655 (Bankr. E.D. Va. 2003) ("In a no-asset case, unscheduled creditors suffer no prejudice from their omission because the time for filing a claim has not, and never will, expire unless some [non]exempt assets are discovered . . . As a result, § 523(a)(3), regarding notice in time to permit filing of a proof of claim, is never implicated, and creditors never lose their right to file a proof of claim.")). There is no indication that § 523(a)(3)(B) is applicable here.